**Gloria J. WILLINGHAM, Plaintiff,**

v.

**John ASHCROFT, Defendant.**

**No. CIV.A. 02–1972ESHJMF.**

United States District Court,
District of Columbia.

Jan. 25, 2005.

Iris McCollum Green, Green & Foushee, Washington, DC, for Plaintiff.

Hannah Stires Ard, Jeffrey D. Kahn, Neysun Arya Mahboubi, Kaija Clark, Washington, DC, for Defendant.

## MEMORANDUM ORDER

FACCIOLA, United States Magistrate Judge.

It has come to the Court's attention that, in certain documents filed with this Court, matters subject to a protective order have been disclosed.

In *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), the Supreme Court recognized a common law right to view court documents. *Nixon,* 435 U.S. at 597, 98 S.Ct. 1306. However, the right of pub-

lic access to court documents is not absolute, and the trial court has the discretion to limit public disclosure of confidential documents. *See id.* at 598–99, 98 S.Ct. 1306. According to *Nixon,* this discretion should be "exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599, 98 S.Ct. 1306. Although the topic of public access to court documents often arises in the context of criminal cases, the "presumption of openness" also applies in the civil arena. *See Johnson v. Greater Southeast Cmty. Hosp.,* 951 F.2d 1268, 1277 (D.C.Cir.1991).

■ The D.C. Circuit has established a six-part balancing test for determining whether documents should be sealed from public access. *Id.* (citing *United States v. Hubbard,* 650 F.2d 293, 317–22 (D.C.Cir. 1980)). These factors are: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced. *Id.* This circuit has also indicated that "where both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure [may] satisfy both interests." *Hubbard,* 650 F.2d at 324–25.

■ I have considered each of these factors in determining whether to seal certain pleadings and exhibits that reveal information that should have been subject to the protective order already issued in this case because they disclose allegations of misconduct against persons who are not parties to this lawsuit but against whom plaintiff has compared herself. As to the first factor, in this case, the need for public access to the documents is the same as any other civil case, although the need may be slightly higher because the information to be sealed concerns Department of Justice ("DOJ") employees, and there is a public interest in ascertaining how the DOJ disciplines its employees. However, once the documents have been redacted, the public will be able to learn all that it wants to know regarding this process, for the only information that will remain sealed is the names of the employees accused of misconduct. As to the second factor, the public has had access to these documents since they were filed with the court a few months ago, but the documents should have been drafted, consistent with the purpose of the protective order in this case, such that the names of non-parties accused of misconduct were not disclosed. The third and fifth factors are not applicable here because I have decided to seal these documents *sua sponte.* As to the fourth factor, the privacy interests at stake are high because the documents reveal allegations that could cause tremendous embarrassment if they remain in the public file. As to the final factor, the documents were filed with the court in relation to discovery disputes. Consistent with my Memorandum Opinion of January 25, 2005 and the limited scope of discovery ordered by Judge Huvelle, it can be said that much of the information is irrelevant to the case and will never be used to support or attack the merits of plaintiff's claims.

In balancing these interests, I have decided to seal, *pendente lite,* certain pleadings and exhibits that disclose allegations of misconduct against persons who are not parties to this lawsuit but against whom plaintiff has compared herself. Accordingly, it is, hereby, **ORDERED** that the following documents are sealed *pendente lite:*

1. *Motion to Expand Scope of Discovery Order Dated July 20, 2004 and to Compel Answers to Interrogatories and Responses to Request for*

Production of Documents [# 43, part 1];

2. *Addendum to Motion to Expand Discovery Order Dated July 20, 2004 and to Compel Answers to Interrogatories and Responses to Request for Production of Documents [# 43, part 2];*

3. *Supplement to Motion to Expand Scope of Discovery Order Dated July 20, 2004 and to Compel Answers to Interrogatories and Responses to Request for Production of Documents [# 44];*

4. *Exhibits 2, 3, 4, 5 and 12 to Defendant's Opposition to Plaintiff's Motion to Expand the Scope of Discovery Order Dated July 20, 2004 and to Compel Answers to Interrogatories and Responses to Request for Production of Documents [# 47];*

5. *Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Expand the Scope of Discovery Order Dated July 20, 2004 and to Compel Answers to Interrogatories and Responses to Request for Production of Documents [# 52].*

The parties are ordered to redact these documents and file the redacted versions with the court no later than February 1, 2005. In addition, the parties are ordered to refrain from using the names of any non-parties accused of misconduct in any future pleadings filed with the court.

**SO ORDERED.**